Brown entered and surveyed a tract of land of 640 acres, within the limits of the grant, under which Sullivan claimed.
Brown had not obtained a patent, but be contended that the tract, a part of which the plaintiff claimed, was not surveyed on the ground entered: that he *Page 7 
could not hold any land by his patent, except such part as would be agreeable to his entry; and that Brown had not entered or surveyed any land, except such as ought not to have been included within the lines of the patent, if run out conformably to the entry.
The plaintiff proved his patent was registered before Brown made his entry, that he actually knew where the lines of the patent ran, before the entry was made. The defendant proved that the survey was not made agreeably to the entry.
For the plaintiff it was contended, that the power of the surveyor was independent of the party whose land he might survey; that the party could have no control over him, he being a sworn officer, bound to survey in the manner which he might conceive agreeable to the entry. It was so determined in this court, in the case of Blakemorev. Chambles, at last May term. The act is directory, as to the manner in which the surveyor shall perform his duty; if he makes a mistake, it ought not to injure the claimant of the land; no injury can arise to the defendant since he knew the plaintiff's lines included the land he was about to enter.
The defendant was bound to take notice of the registration, being a matter of record.[1] In addition to this notice, it is expressly proved that the defendant had notice of the lines of the plaintiff's grant before making his entry, either of which in law or equity, will destroy the defendant's claim.[2] The following authorities were relied upon: Dallas 427, 434; 2 Term Rep. 725; 4 Term Rep. 645; 2 Atk. 563; 1 Bac. 332, 447; 1 P. Wms. 394; Cowp. 712; Maxims in Co. Lit. 45 b, 36 a; 1 Eq. Cas. 122; 2 Eq. Cas. 304; 1 Vez. 57, 122; 1 Com. Dig. 646; Co. Lit. 181.
The defendant relied on the construction of the different acts of assembly, respecting entries, which it was contended required that the survey should be agreeable to the entry; and if it were not, that the grant should be void, at least as to so much of the survey as did not agree with the entry. *Page 8 
The court, in their charge to the jury, agreed with the principles laid down by the plaintiff's counsel in the argument.[3] Verdictfor the plaintiff.
[1] 1 Wash. 177.
[2] Hardin, 13, 75.
[3] In the case of Polk's Lessee v. Robinson and Cochrel, in the Circuit Court of the United States, at Nashville, June term, 1806, Todd, Associate Judge, seemed to be of opinion that the oldest grant would prevail in a court of law, and in that case, the only question with the jury was as to boundary. In the case of Vincent's Lessee v. Conrad, Overton, J., was of opinion, that an entry, or any other equitable matter, could not be given in evidence against a grant. Nothing but boundary could come in question; the oldest grant holding the land in a court of law. The practice in the State is, however, otherwise.